NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS LEON FLORES, *Appellant*.

No. 1 CA-CR 13-0691
FILED 07-10-2014

Appeal from the Superior Court in Maricopa County
No.  CR 2012-161084-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1        Jesus Leon Flores appeals his conviction of robbery, a class 4 felony, and the resulting sentence.  Flores's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Flores was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm Flores's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On December 1, 2012, the owner of a gas station in Maryvale observed Flores take two 12-packs of beer and leave the store without paying.  The owner sent a clerk to pursue Flores.  The clerk confronted Flores, who ignored the clerk's request and placed the beer in a red car.  Flores then turned toward the clerk, and lifted his shirt and reached for something black in his waistband, while telling the clerk to "back the [] up and leave me alone."  The clerk believed the black object in Flores's waistband was a gun.

¶3        The clerk, who had noted Flores's license plate number, contacted the police.  Using motor vehicle records, the police located Flores at a residence in Phoenix.  Officers searched the car and the residence and discovered the beer, but found no weapons. After the clerk identified Flores in a one-on-one identification, Flores was arrested. In an interview with police, Flores admitted to taking the beer but denied having a weapon.

¶4        The State charged Flores by direct complaint with armed robbery, a class 2 felony.  Flores waived a preliminary hearing and entered a not guilty plea. Before trial, the State alleged Flores had been convicted of two prior felonies in 2007: unlawful use of means of

transportation, a class 6 felony, and criminal damage, a class 6 undesignated felony. The State also alleged that the robbery had been committed while Flores was on probation.

¶5          After a three-day trial, the jury acquitted Flores of armed robbery but found him guilty of the lesser-included offense of robbery, a class 4 felony. After trial, Flores admitted that he was on felony probation when he committed the offense and that he had two prior felony convictions.

¶6          The State waived its allegation of aggravating circumstances, but requested that the superior court treat the two prior felony convictions separately, because although both offenses were consolidated in a single case, they were committed on separate occasions. The superior court concluded that the two prior felony convictions should be treated separately, and thereafter sentenced Flores as a category 2 repetitive offender to a presumptive term of 4.5 years imprisonment with credit for 293 days served.

¶7          Flores timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

¶8          We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none.

¶9          The record reflects that the superior court afforded Flores all his rights under the constitution and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Flores was present and represented by counsel at all critical stages of the proceedings against him. The court conducted appropriate pretrial hearings. The court did not conduct a voluntariness hearing, but the record did not suggest a question about the voluntariness of Flores's statements to police. The evidence presented at trial and summarized above was sufficient to support the jury's verdict. The court conducted an appropriate colloquy prior to accepting Flores's admission of his prior convictions and release status. Flores's sentence falls within

---

[1]          Absent material revisions after the relevant date, we cite a statute's current version.

the range prescribed by law, with proper credit given for presentence incarceration.

¶10         With the filing of this decision, defense counsel's obligations pertaining to Flores's representation in this appeal will end after informing Flores of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Flores shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶11         Flores's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh